UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PETER PAPPAS, ET AL.,** | ) | CASE NO.1:18CV1514 |
| | ) | |
| Plaintiffs, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **JOHN G. MEDAS, ET AL.,** | ) | <u>ORDER</u> |
| | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A.BOYKO, SR. J:**</u>

This matter is before the Court on Plaintiffs' Motion for Writ of Execution and Garnishment and for Contempt.  (ECF # 65).  On January 22, 2020, the Court entered a Consent Judgment With Confidential Settlement Agreement and Mutual Release of Claims.  According to Plaintiffs, the settlement included the parties' agreement that, should Defendants fail to make timely monthly payments, they would be in default, the sealed settlement would be placed on the public record and Plaintiffs would be entitled to garnishment of Defendants' wages, as well as attorney fees and sanctions should the Court so decide.  Moreover, Defendants agreed to waive any procedural defenses to garnishment.  Plaintiffs have moved for a Writ of  Enforcement, for Garnishment and for a finding that Defendants are in contempt of the Consent Judgment and Settlement.

However, on November 23, 2020, Plaintiffs filed a supplement with the Court wherein he

reported that Defendants had made current all monies owed under the terms of the settlement agreement albeit late. The Court then issued a Show Cause Order asking Plaintiffs why garnishment was appropriate given that Defendants had eventually made all required payments. Plaintiffs responded that, per the terms of the parties agreement, payments were due each month and Defendants would be in default should any payments be late. Not only have Defendants repeatedly made late payments but have subsequently failed to make payments after the Court issued its Show Cause Order. Defendants have failed to file any response. Instead, Defendant John Medas filed a Notice of Bankruptcy on March 18, 2021 and the Court stayed all proceedings against Medas in April of 2021.

Now Plaintiffs move to lift the stay against Medas as his bankruptcy case was dismissed on or about June 21, 2021.

"The Federal Rules of Civil Procedure provide that money judgments are enforced by a writ of execution, the process for which is governed by the procedure of the state where the court is located, except to the extent that a federal statute applies, in which case the federal statute governs." *Hicks v. Cadle Co.,* 809 F. Supp. 2d 742, 744 (N.D. Ohio 2011) citing Fed.R.Civ.P. 69(a)(1).

Fed R. Civ. P. 69 reads in pertinent part:

A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.
The Court finds that Plaintiffs' Motion must be denied at this time, subject to refiling,

because neither party ever filed the Settlement Agreement and Mutual Release despite representing it was attached to the Consent Judgment.  Thus, its terms are not before the Court and the Court cannot determine if Defendants are in default.  Furthermore, Plaintiffs have provided no evidence in support of their Motion.   Plaintiffs plausibly assert that Defendants' breaches of the Consent Judgment and Settlement Agreement are ongoing.  Furthermore, Defendants have failed to defend or otherwise respond to Plaintiff's Motion.  However, Plaintiff has failed to provide the Court with any competent evidence of the default and has not submitted competent evidence as to the current balance owed.  Therefore, the Court denies Plaintiffs' Motion for Writ of Execution, Garnishment and Motion for Contempt subject to refiling with the Settlement Agreement and Mutual Release and upon Plaintiffs filing with the Court an affidavit, declaration or other competent evidence demonstrating that Defendants are in default and further evidencing the amounts owed.

      Therefore, the Court denies Plaintiffs' Motion for the foregoing reasons subject to refiling.   Along with the refiled Motion, the Court orders the parties to confer and submit to the Court joint agreed upon dates for a for a telephone conference with the Court to discuss further proceedings to include garnishment, additional discovery if needed and sanctions for Defendants' contempt should the evidence support such a finding.

      IT IS SO ORDERED.

        /s/Christopher A. Boyko
        CHRISTOPHER A. BOYKO
        Senior United States District Judge